IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CODY GRANT WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. CIV-23-0147-HE |
| ) | |
| STEVEN HARPE, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Cody Grant Williams, a state prisoner appearing *pro se*, filed a habeas petition pursuant to 28 U.S.C. § 2254 alleging that the state court lacked jurisdiction over his conviction. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings. Upon initial review, Judge Purcell issued a Report and Recommendation recommending that the petition be dismissed with prejudice as procedurally barred. Petitioner has objected to the Report, triggering *de novo* review of matters to which objection has been raised.

Petitioner's challenge is directed to his conviction in the District Court of Comanche County, Oklahoma. He entered a guilty plea and was sentenced on four counts on January 13, 2022. He did not seek to withdraw his plea after sentencing nor did he directly appeal his convictions. On May 23, 2022, petitioner filed an application for post-conviction relief in state court, arguing that the state lacked jurisdiction to prosecute him based on McGirt v. Oklahoma, 140 S.Ct. 2452 (2020). The district court denied his application, concluding that the District Court of Comanche County had jurisdiction over crimes committed in

Comanche County because the County was not Indian County as defined by McGirt. The court also concluded that all grounds raised in the application could have been raised on direct appeal but were not, thus the grounds were procedurally barred. Petitioner's appeal of the denial of post-conviction relief was deemed untimely by the Oklahoma Court of Criminal Appeals which declined to take jurisdiction over the appeal.

Petitioner has filed an objection to the Report contending that no state court ever had jurisdiction to rule on his criminal proceedings. Apart from that contention, the objection does not address the Report's conclusion that his petition is procedurally barred. Petitioner's jurisdictional argument could have been raised on direct appeal but was not. The state court declined to consider his jurisdictional argument in his post-conviction application based on adequate and independent state procedural grounds. This procedural default generally prevents this court from reviewing his habeas claim. Smith v. Albaugh, 921 F.3d 1261, 1267 (10th Cir. 2019). Further, petitioner has not set forth any persuasive explanation as to why he failed to timely appeal the denial of his application for post-conviction relief. Nor does he argue that dismissing his petition would result in a miscarriage of justice.

Beyond that, petitioner's arguments lack substantive merit even if they were not deemed procedurally barred. His petition and objection explicitly rest on the assumption that he was convicted of a crime "that without question occurred within the territorial boundaries of an Indian reservation" and was therefore within the exclusive jurisdiction of the federal courts. But McGirt did not purport to resurrect all former Indian reservations in Oklahoma nor did it apply to the Comanche reservation in particular. Rather, it

recognized that the question of whether Congress had disestablished a particular reservation had to be based on the particular treaties and statutory history involved. McGirt, 140 S.Ct. at 2479.  As to the Kiowa Comanche Apache Reservation, the courts have long since concluded that Congress disestablished it.  Tooisgah v. United States, 186 F.2d 93, 97-98 (10th Cir. 1950); Martinez v. State, 502 P.3d 1115, 1119 (Okla. Crim. App. 2021); see also Murphy v. Royal,  875 F.3d 896, 948-9 (10th Cir. 2020) (alluding to Congress' action in 1900 as evidence that it is "capable of stating its intention to disestablish or diminish a reservation.").  In short, there is no apparent reason to doubt the accuracy of the state court's determination that Comanche County, Oklahoma, is not Indian country based on McGirt.

As petitioner's grounds for relief are both procedurally barred and substantively unfounded, no basis for habeas relief is shown.  The court **ADOPTS** the Report and Recommendation [Doc. #8].  Petitioner's petition for habeas relief is **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

Dated this 19th day of April, 2023.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE